IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 2:21-cr-49-MHT-JTA |
| | ) | |
| WILLIAM LEE HOLLADAY, III | ) | |
| DEBORAH IRBY HOLLADAY | ) | |
| WILLIAM RICHARD CARTER, JR. | ) | |
| GREGORY EARL CORKREN | ) | |
| DAVID WEBB TUTT | ) | |
| THOMAS MICHAEL SISK | ) | |

## **FEDERAL RULE OF CRIMINAL PROCEDURE 5(F) ORDER**

Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendants all exculpatory evidence - that is, evidence that favors the defendants or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants' guilt, the credibility of a witness, or that would reduce a potential sentence. The defendants are entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

DONE this 24th day of February, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE