IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,                )
                             )
v.                           )   Case No.: 2:21-CR-00049-MHT-JTA
                             )
WILLIAM LEE HOLLADAY, III, et al.,  )
                             )
    Defendants.              )

**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER FOR DISCLOSURE OF DOCUMENTS AND TESTIMONY WITHOUT WAIVER OF ATTORNEY-CLIENT PRIVILEGE PURSUANT TO RULE 502(D) OF THE FEDERAL RULES OF EVIDENCE**

COME NOW Plaintiff United States of America (the "Government") and non-party Athens City Board of Education (the "Board") and jointly petition this Honorable Court for the entry of a *Protective Order for Disclosure of Documents and Testimony Without Waiver of Attorney-Client Privilege Pursuant to Rule 502(d) of the Federal Rules of Evidence*. The Government and the Board state as follows:

1. On May 27, 2021, the Government issued a subpoena to E. Shane Black ("Black"), the Board's attorney, calling for his production of documents and testimony as a witness for the Government at the February 7, 2022 trial of the above-styled case.

2. The Board, through its undersigned counsel, notified the Government that any such documents, as well as testimony about the same, may be covered by the Board's attorney-client privilege.

3. Rule 502(d) of the *Federal Rules of Evidence* provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding."

4. The Board wishes to cooperate with the Government's subpoena request, and as such, the Board and the Government have agreed that the privilege issue can be resolved by presenting a proposed Order to the Court pursuant to Rule 502(d), which Order would provide, among other things, that the Board may authorize these disclosures, and the disclosure and use of the documents and related testimony in connection with the subpoena in this federal court case that may constitute or contain privileged material will not constitute a waiver by the Board of any privilege or protection attaching to the same.

5. The proposed Order defines the "Privileged Information" to include (a) all documents in Black's possession, if any, that are produced in response to the subpoena that the Board contends are protected by the attorney-client privilege (the "Privileged Documents"), and (b) all Black's statements and testimony relating to the twenty-one subjects identified in the Subpoena, if any, within the time span of July 1, 2015 through December 31, 2018, that the Board contends are protected by the attorney-client privilege (the "Privileged Testimony").

6. The proposed Order provides that the Board is the sole and exclusive holder of the privilege with respect to the Privileged Information, and as such, the Board may authorize the disclosure of the Privilege Information, and Black may disclose it, to the extent and in the manner set forth in the proposed Order.

7. The proposed Order would provide that, in response to the subpoena, Black shall produce the Privileged Documents to the Government, and provide the Privileged Testimony in this federal case, for use as set forth more particularly in the proposed Order. The proposed Order would provide that, in connection therewith, Black may also produce and discuss the Privileged Information with the Government prior to the trial of this case. As such, the proposed Order would explain that the Privileged Information may be disclosed to and used by the defendants and their legal counsel in this case, whether by receiving the Privileged Information from the Government and its disclosures, through observing it at trial, or eliciting it through cross-examination.

8. The proposed Order states that it shall be construed as an Order under Rule 502(d) of the *Federal Rules of Evidence* ordering that privilege or protection is not waived by disclosure connected with the litigation pending before this Court. Accordingly, as is explicitly set forth in Rule 502(d), Black's disclosure of Privileged Information pursuant to the proposed Order, and any use of any or all of the Privileged Information in this criminal case, shall not constitute a waiver of any privilege or protection held by the Board, whether in this proceeding or in any other federal or state proceeding, whatsoever.

9. The proposed Order further states that Black and the Board shall designate Privileged Documents produced under the Order by marking on the documents substantially with the following words:

"CONFIDENTIAL – FOR USE ONLY IN *UNITED STATES v. HOLLADAY, ET AL.* NO. 21- CR-00049-MHT-JTA (M.D. ALA.) SUBJECT TO PROTECTIVE ORDER AND NON-WAIVER ORDER UNDER F.R.E. 502(d)."

10. The proposed Order further provides that, in recognition of the protection of the attorney client privilege in furtherance of the Order, any Privileged Documents presented to the Court shall be filed under seal, and any portion of any proceeding or trial in this case relating to the Privileged Testimony shall be sealed. Moreover, the proposed Order directs that counsel of record shall keep all Privileged Documents or notes, records, or transcripts of the Privileged Testimony produced or provided by Black in accordance with this Order within their exclusive possession and control. The proposed Order directs that counsel of record shall maintain the confidentiality of such materials and information and shall not permit unauthorized dissemination of such materials to any person or entity other than in accordance with the uses authorized by the

Order. The proposed Order states that counsel of record may use the Privileged Information in this litigation to the extent permitted by the Order but are prohibited from using it in any other litigation whatsoever.

11. A copy of the proposed Order is attached hereto as *Exhibit A*. Its terms are agreed to by the Board and are incorporated herein as a part of this petition to the Court

12. The affidavit of Beverly Malone, President of the Board, attesting that she is authorized by the Board to act on its behalf through authorizing its undersigned counsel to file this Joint Motion, is attached hereto as *Exhibit B*.

WHEREFORE, above premises considered, the undersigned respectfully jointly petition this Honorable Court to enter the proposed Order attached hereto as *Exhibit A*.

Respectfully submitted,

David McKnight (ASB-6258-G63S)
DILLARD, MCKNIGHT, JAMES & MCELROY
2700 Highway 280, Suite 110
Birmingham, Alabama 35223
Phone: (205) 271-1100
Fax: (205) 271-1108
Email: dmcknight@dillardmcknight.com

/s/ Alice S. LaCour
Alice S. LaCour
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
Email: alice.lacour@usdoj.gov

/s/ Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
Email: jonathan.ross@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2021, I served a copy of the foregoing by U.S. Mail, postage prepaid and properly addressed, upon the following counsel of record:

Benjamin Joseph Espy
Joseph Cleodus Espy, III
William Martin Espy
Melton Espy & Williams, PC
P.O. Drawer 5130
Montgomery, AL 36103

Benjamin Edward Schoettker
Barfoot & Schoettker LLC
608 South Hull Street
Montgomery, AL 36104

Alan Samuel Diamond
Keith F. Szachacz
Kepler Brooke Funk
Funk Szachacz & Diamond LLC
3962 West Eau Gallie Blvd., Ste. B
Melbourne, FL 32934

Maxwell H. Pulliam
Maxwell H. Pulliam, LLC
301 19th Street North, Ste. 519
Birmingham, AL 35203

Jason Carl Neff
Law Office of Jason C. Neff
2610 6th Street, Ste. B
Tuscaloosa, AL 35401

Russell Wilson Crumbley
Crumbly Blackwell & Associates
2304 Memorial Parkway SW
Huntsville, AL 35801

_____
Of Counsel