IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA

     v.                                                CR. NO. 2:21-CR-49-MHT-JTA

WILLIAM L. HOLLADAY, III, et al.

**PROTECTIVE ORDER FOR EDUCATION RECORDS**

Upon consideration of Athens City Schools' Motion for Protective Order specific to Education Records as defined by the Family Educational Rights and Privacy Act (20 U.S.C. § 1232g, 34 C.F.R. Part 99), and as said Motion establishes good cause for the issuance of a Protective Order specific to Education Records pursuant to the Federal Rules of Criminal Procedure, the Court finds that Education Records responsive to a federal grand jury subpoena or a trial subpoena in this cause may be disclosed pursuant to this Protective Order without the written consent of or notice to any student or student's parents.  In accordance with this finding, it is hereby ORDERED as follows:

    a. Education Records shall not be disclosed to anyone other than the following persons:  (1) the government; (2) the defendant(s) and their attorney(s) of record; (3) any employee or independent contractor of any attorney of record for the defendant(s), including a partner, associate, paralegal, administrative assistant, or investigator; (4) any expert witness retained to provide an opinion on any matter at issue in the case and (5) any other person to whom the defendant or defense attorney determines in good faith that disclosure is essential for the adequate preparation of a defense.

b. Any person in possession of said Education Records shall store and maintain said documents in such a way that prevents inadvertent disclosure to third parties.

c. If an Education Record is filed or introduced as an exhibit in any public court proceeding, the party introducing said document shall designate said document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  The introducing party shall file the document in compliance with those methods set forth in Rule 5.2 of the Local Rules for the United States Middle District of Alabama.

d. At the conclusion of the case, each party or attorney who received Education Records must destroy said records.  Any attorney or party who has disclosed Education Records to another in the course of preparing for trial shall affirmatively ensure that any recipient of Education Records destroys them or that they are placed under seal as part of the record of the Court.

e. Those provisions of the Protective Order For Discovery Materials entered on March 4, 2021, (Document 77) that are not modified by any subsequent Protective Order(s) shall remain in full force and effect.