IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )   CRIMINAL ACTION NO.
     v.                       )        2:21cr49-MHT
                              )            (WO)
WILLIAM LEE HOLLADAY, III,    )
WILLIAM RICHARD CARTER,       )
JR., GREGORY EARL CORKREN,    )
DAVID WEBB TUTT, and          )
THOMAS MICHAEL SISK           )
                              )
```

**FORFEITURE PROCEDURE ORDER**

In their joint proposed plan for resolving restitution, forfeiture, and loss issues, the parties state, as to the issue of forfeiture, that "the government is entitled to a forfeiture money judgment for each defendant and will file a written motion for forfeiture money judgment, the amount to be determined on a case-by-case basis, after all parties have the opportunity to review the PSRs." Joint Proposed Plan (Doc. 322) at 14.* The court notes that Rule 32.2(b)

---

* Defendant William Richard Carter, Jr. filed a separate addendum stating that he will "most likely agree to the process as described" in the joint

seems to suggest that the court must make a preliminary finding of the forfeitable amount of a personal money judgment and must enter a preliminary order of forfeiture setting forth the amount of any money judgment "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)," unless doing so is impracticable. Fed. R. Crim. P. 32(b)(2)(B). Further, Rule 32(b)(2)(C) states that, "[i]f, before sentencing, the court cannot ... calculate the total amount of the money judgment, the court may enter a forfeiture order that:

   "(i) lists any identified property;

   "(ii) describes other property in general terms; and

---

proposed plan, although he wishes to review his presentence investigation report before taking a definitive position. Def. Carter's Addendum to Joint Response (Doc. 323) at 1.

2

"(iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated."

The court would like a better sense of the timing for this process, and how the government proposes to proceed.

\*\*\*

Accordingly, it is ORDERED that, by May 9, 2022, the government shall submit a timeline for the various steps in the forfeiture process set forth in Federal Rule of Criminal Procedure 32.2 and describe how it expects to proceed.

DONE, this the 25th day of April, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE