IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
     v.                     )         2:21cr49-MHT
                            )             (WO)
WILLIAM LEE HOLLADAY, III   )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the United States Attorney's Office, the United States Probation Office, the Federal Defenders, and the clerk's office,

to determine whether a defendant might be eligible for a reduction of sentence.  See 2:23-cm-4048-ECM.

Defendant William Lee Holladay, III filed a motion for a sentence reduction (Doc. 572) based on Amendment 821.  The court referred the motion to the Amendment 821 Screening Panel for recommendation.  The court has now received the Panel's recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered August 7, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant William Lee Holladay, III is not eligible to receive a reduction in sentence pursuant to Amendment 821 for the following reasons.

Under U.S. Sentencing Guidelines § 4C1.1, which sets forth the new adjustment for certain zero-point offenders, if a defendant meets all 10 listed qualifications, the defendant's offense level is decreased by two levels.  Here, assuming only for purposes of this discussion that Holladay meets all

qualifications for that reduction, his total offense level would be reduced from 35 to 33, resulting in an imprisonment range of 135-168 months. However, because the statutory maximum sentence for his offense is 60 months, his final guidelines imprisonment range would be 60 months, the same as it was at the time of sentencing. In other words, Amendment 821's application of the reduction for zero-point offenders does not change his guidelines imprisonment range.

Under §1B1.10 of the U.S. Sentencing Guidelines, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment ... does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines §1B1.10(a)(2)(B) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") (2023 ed.). Because Amendment 821 does not reduce the

defendant's guideline range, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2).

An appropriate order will be entered.

DONE, this the 7th day of August, 2024.

                                     /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**